IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:12-cv-00522-JHH |
| ) | |
| DEWAYNE HOLIFIELD, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF OPINION**

James Freeman, hereinafter referred to as "plaintiff," has filed a *pro se* amended complaint pursuant to 42 U.S.C. § 1983, alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged. Plaintiff names as defendants the Alabama Board of Pardons and Paroles ("Board"), Parole Officers Charles W. Edwards and Alma Berry, the Birmingham Police Department, and Birmingham Police Officer Dewayne Holifield. Plaintiff seeks monetary, injunctive, and declaratory relief.

When a litigant is allowed to proceed with a cause of action *in forma pauperis*, the court is required to screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). *See Mitchell v. Farcass*, 112 F.3d 1483,

1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Section 1915(e)(2)(B) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Thus, the court may dismiss an action *sua sponte* under § 1915(e)(2)(B) prior to service of process on a defendant. Nevertheless, in order to protect a *pro se* litigant's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

## **FACTUAL ALLEGATIONS**

In 1994, plaintiff filed a petition for writ of habeas corpus in this court against the Executive Director of the Alabama Board of Pardons and Paroles, challenging his conviction.[1] (Amend. Compl. at 2-3.) The district court denied plaintiff's petition and he appealed the court's decision to the Eleventh Circuit Court of Appeals.[2]

---

[1]  *Freeman v. Young*, Case No. 2:94-cv-01339-ELN-TMP.

[2]  The Eleventh Circuit Court of Appeals affirmed the district court's decision on or about August 16, 1996. *Freeman v. Young*, Case No. 2:94-cv-01339-ELN-TMP (doc. 17).

(Amend. Compl. at 3.)

On July 10, 1995, Birmingham Police Officer Dewayne Holifield arrested plaintiff for domestic assault. (Amend. Compl. at 3.) Plaintiff alleges that the charge was "manufactured" because Holifield did not possess an arrest warrant or written statement from plaintiff's parole officer stating that plaintiff had violated the conditions of his parole. (Amend. Compl. at 3.) As a result of plaintiff's false arrest, Parole Officers Alma Berry and Charles Edwards conducted a preliminary parole revocation hearing on July 24, 1995, to determine whether plaintiff had violated a condition of his parole by committing a new offense. (Amend. Compl. at 5.) Plaintiff states, "Without having ascertained whether a charge of domestic assault had ever been documented against the plaintiff in any judicial court of law, the defendants Edwards and Berry recommended that the plaintiff's parole be revoked for having committed a new offense [of domestic assault]." (Amend. Compl. at 5.)

On September 5, 1995, a member of the Alabama Board of Pardons and Paroles found plaintiff guilty of having committed the new offense of domestic assault even though no court documents reflected such a charge against plaintiff. (Amend. Compl. at 5-6.) On September 13, 1995, the Board revoked plaintiff's parole as a result of the false charge. (Amend. Compl. at 6.) From May 1996 to June 2008, the Board denied plaintiff's application for parole based on the false charge for domestic

assault. (Amend. Compl. at 6-7.)

On January 31, 2011, the Board granted plaintiff's application for parole under special conditions. (Amend. Compl. at 7-8.) On September 29, 2011, plaintiff was released on parole after completing the special conditions. (Amend. Compl. at 8.)

On January 12, 2012, plaintiff reported to the Municipal Court in Birmingham, Alabama, and discovered that he had been charged with assault and battery, not domestic assault. (Amend. Compl. at 8.) Plaintiff alleges that the defendants conspired to have him falsely arrested, charged, and imprisoned for over sixteen (16) years in retaliation for challenging his conviction in 1994. (Amend. Compl. at 8.) He seeks monetary relief in the amount of sixteen million dollars and declaratory and injunctive relief. (Amend. Compl. at 3.)

## DISCUSSION

A.   **Alabama Board of Pardons & Paroles.**

Plaintiff names or endeavors to name the Alabama Board of Pardons & Paroles as a defendant. However, the Eleventh Amendment to the United States Constitution bars § 1983 claims in federal court against the state or an agency of the state. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Additionally, "a State [or an agency thereof] is not a 'person' within the meaning of § 1983 . . . ." *Will v. Michigan Dept. of State Police*,

491 U.S. 58, 65 (1989). Accordingly, plaintiff cannot maintain a § 1983 action against the Alabama Board of Pardons & Paroles. Any such claim made or sought to be made is due to be dismissed pursuant to § 1915(e)(2)(B).

B.   **Birmingham Police Department.**

Plaintiff also names the Birmingham Police Department as a defendant. In this Circuit, the law is well established that sheriff's departments and police departments are not legal entities subject to suit under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Accordingly, the plaintiff's claims against the Birmingham Police Department are also due to be dismissed under § 1915(e)(2)(B).

C.   **Defendants Holifield, Edwards & Berry.**

Plaintiff's claims against Defendants Holifield, Edwards, and Berry are barred by the statute of limitations. The United States Supreme Court has held that the proper statute of limitations for a 42 U.S.C. § 1983 action is the forum state's general or residual statute of limitations for personal injury. *See Owens v. Okure*, 488 U.S. 235, 236, 249-50 (1989). The residual statute of limitations for personal injury in Alabama is two (2) years. Ala. Code § 6-2-38(1)(1975).

A cause of action accrues and the limitations period begins to run when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990); *see also*

*McNair v. Allen*, 515 F.3d 1168, 1174 (11th Cir. 2008). The Eleventh Circuit Court of Appeals has stated that "'the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Calhoun v. Alabama Alcoholic Beverage Control Board*, 705 F.2d 422, 425 (11th Cir. 1983) (quoting *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975)). Therefore, a § 1983 action does not accrue until the plaintiff knows or has reason to know that he or she has been injured. *See Calhoun*, 705 F.2d at 424. Moreover, a § 1983 action will not accrue until the plaintiff is aware or should have been aware who has inflicted the injury. *See Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

Plaintiff alleges that on July 10, 1995, Defendant Holifield arrested him on a false charge in violation of the Fourth Amendment. He further alleges that on July 24, 1995, Defendants Edwards and Berry violated his Fourteenth Amendment right to due process when they recommended that his parole be revoked due to the false charge.[3] Therefore, any cause of action concerning plaintiff's false arrest and due process claims accrued on July 10, 1995, and July 24, 1995, respectively. On these

---

[3] Plaintiff does not allege facts that associate Defendants Edwards and Berry with any subsequent parole review or determination after their recommendation on July 24, 1995, that plaintiff's parole be revoked.

dates, plaintiff was aware or should have been aware that his constitutional rights had been violated.[4] Moreover, plaintiff knew the individuals responsible for violating his rights. Plaintiff did not file the present action until February 13, 2012, more than sixteen (16) years later.[5] (Compl. at 3.) Based on the foregoing, plaintiff's claims against Defendants Holifield, Edwards, and Berry are barred by the statute of limitations, and are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim on which relief may be granted.

A separate order dismissing all claims will be entered.

**DONE** this the ___5th___ day of June, 2012.

*James H. Hancock*
_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff alleges that he discovered on January 12, 2012, that he had been charged with assault and battery, not domestic assault. Plaintiff does not explain how this difference has any bearing on his claims. Regardless of whether plaintiff was charged with domestic assault or assault and battery, plaintiff was aware in July 1995 that he had been falsely arrested and his parole revoked as a result.

[5] Prior to May 1996, Alabama Code § 6-2-8(a)(1975) provided that "[i]f anyone entitled to commence any of the actions enumerated in this chapter . . . is . . . imprisoned on a criminal charge for any term less than life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . . ." However, this portion of the tolling provision was rescinded by the Alabama Legislature on May 17, 1996. Even assuming the statute of limitations was tolled on plaintiff's claims until May 17, 1996, this action is not timely filed.